900 So.2d 110 (2005)
Allie THIBODEAUX
v.
Lacy BILLIOTT, Progressive Insurance Company, Jefferson Parish Government d/b/a Jefferson Transit Westbank, and United States Fire Insurance.
No. 04-CA-1308.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*111 Stephen C. Juan, Robert J. Caluda, Metairie, LA, for Plaintiff/Appellant.
Sidney J. Angelle, Ryan G. Davis, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
On November 18, 2002, plaintiff, Allie Thibodeaux, was allegedly injured in a collision while a passenger on a Jefferson Parish transit bus, with a vehicle insured by Progressive Insurance Company and driven by Jesse Ginds with the permission of the owner, Lacy Billiott.
*112 On November 3, 2003, Thibodeaux filed suit against several defendants including the Jefferson Parish Government d/b/a Jefferson Transit Westbank ("Jefferson Parish") and United States Fire Insurance. In the petition, it was alleged that Jefferson Parish is insured by United States Life Insurance Company. No allegation was made against United States Fire Insurance.
In their January 5, 2004 Answer to Petition for Damages, United States Fire Insurance Company ("U.S.Fire") argued that the plaintiff had no cause of action against them because they did not write a liability insurance policy for any of the defendants. U.S. Fire alleged that the plaintiff and her counsel failed to make a reasonable inquiry to determine if, in fact, they were a proper defendant in this suit. U.S. Fire claimed that it repeatedly advised the plaintiff (on November 25th and December 1st, 2003) through her counsel that it was not a proper defendant and on December 17, 2003 it provided the plaintiff with an affidavit from Jeff Leiter, a U.S. Fire Claim Supervisor, indicating that none of the defendants in the suit were issued an insurance policy by U.S. Fire. Subsequently, U.S. Fire filed a Motion for Summary Judgment and LSA-C.C.P. art. 863 sanctions alleging that the plaintiff's claims against them should be dismissed with full prejudice because there existed no genuine issue of material fact, and that the court award reasonable costs associated with the filing of the motion, including attorney's fees totaling $1,162.00, because the plaintiff refused to dismiss them after finding out that the claim against them was not warranted by law or the facts.
At the hearing, the trial court granted U.S. Fire's Motion for Summary Judgment because it did not think the plaintiff should have sent U.S. Fire the Motion to Dismiss in an effort to force U.S. Fire to file the motion into the record, and awarded sanctions against the plaintiff. The court noted that U.S. Fire had already been forced to expend funds to answer the petition to protect themselves from a default judgment and file a Motion for Summary Judgment to force their dismissal from the suit. The court suggested that plaintiff's counsel should have determined the proper party in order to prevent U.S. Fire from having to expend those funds. Plaintiff's counsel argued that the actions taken by U.S. Fire were their own tactical choices because he never required them to do anything, including filing an answer. The court imposed on the plaintiff sanctions and attorney's fees, in favor of U.S. Fire, in the amount of $698.05: $500.00 in attorney's fees, $0.00 for the cost of filing an answer to the plaintiff's petition, and $158.05 for the cost of filing the Motion for Summary Judgment. The court awarded less than the dollar amount requested because it found that it was "part of doing business" for U.S. Fire to have a certain amount of work that involved letting people know that a mistake was made in identifying the proper party.

DISCUSSION:
On appeal, the plaintiff argues that the trial court erred in applying LSA-C.C.P. art. 863, imposing attorney's fees and costs. The plaintiff claims that she and her counsel's actions were reasonable because counsel believed that the police report referred to Jefferson Parish's insurer being U.S. Fire Ins. Plaintiff's counsel contends that his actions were not intended to cause harm or undue delay. Plaintiff's counsel claims that U.S. Fire was informed that they could not be dismissed from the case until Jefferson Parish filed pleadings identifying their insurer, but that no adverse action would be taken against them, nor would they be compelled to do anything in the case. Plaintiff's counsel *113 claims that U.S. Fire was only served with the original petition. He claims that he never made discovery requests or required that U.S. Fire file an answer. Plaintiff's counsel contends that the actions taken by U.S. Fire, instead of filing for another extension until Jefferson Parish verified coverage, were voluntary tactical decisions, and therefore, not fairly chargeable to the plaintiff. Plaintiff's counsel claims that immediately upon receipt of Jefferson Parish's acknowledgment of self-insurance with a retention of up to $500,000.00 it executed a release of U.S. Fire, both faxing and mailing it to them. In addition, plaintiff's counsel argues that the trial court erred in applying LSA-C.C.P. art. 863. Plaintiff's counsel claims that LSA-C.C.P. art. 863 was enacted to punish egregious misconduct by attorneys filing groundless and harassing suits without investigating the allegations and insinuations of their clients with complete disregard for the Code of Civil Procedure. Plaintiff's counsel contends that the naming of U.S. Fire as a defendant in the original petition was justified by its inclusion in the police report on the accident. Likewise, plaintiff's counsel contends that his waiting to dismiss U.S. Fire until the insurer for Jefferson Parish was verified was not an unreasonable or wanton act.
U.S. Fire argues that the evidence it presented, at trial, overwhelmingly supports the trial court decision to impose sanctions under LSA-C.C.P. art. 863 for a frivolous claim. U.S. Fire claims that LSA-C.C.P. art. 863 imposes on a plaintiff and her counsel the need to make an objective reasonable inquiry into the facts and law during a ninety-day period, in which they can file a voluntary dismissal. U.S. Fire contends that the police report listed U.S. Fidelity not U.S. Fire, but even if plaintiff's counsel believed that it said U.S. Fire the mistake could have been reasonably ended by placing a telephone call to the number listed in the police report, within the time frame for a voluntarily dismissal. U.S. Fire contends that on November 25, 2004 it sent to the plaintiff the name and address of United States Fidelity Insurance Co.'s Jefferson Parish representative.
A trial court's imposition of sanctions pursuant to LSA-C.C.P. art. 863 will not be reversed unless clearly wrong or manifestly erroneous. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1168.
LSA-C.C.P. art. 863 reads in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

*114 F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
A court must consider the following factors in order to determine whether a litigant and his counsel made the required reasonable factual inquiry, before imposing sanctions:
1. The amount of time available to the signor for investigation;
2. The extent to which the attorney relied on the client for factual support of the pleadings;
3. The feasibility of conducting a pre-filing investigation;
4. Whether the signing attorney was not the original attorney, but rather accepted the case from another attorney;
5. The complexity of factual and legal issues, in the case;
6. The extent to which the development of factual circumstances underlining the claim required discovery.
Alombro v. Alfortish, supra.
In this case, the accident occurred on November 18, 2002 and the petition was filed on November 3, 2003. Therefore, plaintiff's counsel may have had little time to investigate prior to filing the petition. In addition, the legal and factual issues do not appear complex, therefore, plaintiff's counsel might well have relied on his client for factual support of the pleadings. However, both at the hearing and in his brief, plaintiff's counsel admits that he relied solely on the police report to determine the identity of Jefferson Parish's insurer. It is unlikely that the investigating officer would have obtained this information from the plaintiff, or that the plaintiff would have any knowledge of Jefferson Parish's insurer to either inform her counsel or verify the police report. Therefore, the plaintiff's counsel reasonably, but in error, interpreted the police report to indicate that the insurer of Jefferson Parish was United States Fire Ins., and made it a defendant, in the suit.
While the plaintiff may have initially been in a hurry to meet a prescription deadline, that urgency did not prevent him from subsequently spending additional time determining the proper party. LSA-C.C.P. art. 863(F) envisions the rush to beat a prescriptive deadline, and does not authorize the imposition of sanctions "with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier." Plaintiff's counsel should have determined much earlier that U.S. Fire was not the proper party, and then dismissed them from the litigation. There was no need for plaintiff's counsel to wait for a response on insurance coverage from Jefferson Parish. In addition, while, plaintiff's counsel signed, faxed, and subsequently mailed a Motion to Dismiss to counsel for U.S. Fire after receiving information indicating that Jefferson Parish was self-insured for $500,000.00, it is of no consequence, since it was beyond the ninety day period, which would have prevented the imposition of sanctions, and because it was also incumbent upon plaintiff's counsel, not U.S. Fire, to file the motion with the clerk of court and serve it on the opposing parties. La. Dist. Court Rules, Rule 15.1.
U.S. Fire raises two additional Assignments of Error asserting first, that the trial court erred in not allowing full recovery of the defendant/appellee's attorney's *115 fees and costs, since they were neither unreasonable nor overstated; and secondly, that plaintiff's counsel should have been bound in solido with his client regarding the award of sanctions.
U.S. Fire claims that it has incurred additional expenses, evidenced in the record, in excess of $1,156.00, in defending itself against the plaintiff's Motion for New Trial and appeal to this Court, essentially suggesting that both have been frivolous, requiring the imposition of additional sanctions by this Court pursuant to LSA-C.C.P. art. 2164. Also, U.S. Fire claims that the trial court erred in only sanctioning the plaintiff when there was no evidence presented that the plaintiff conspired with or had any knowledge of her counsel's actions in naming it a defendant or refusing to dismiss them, after finding out it was not a proper party.
A trial court has considerable discretion as to the type and severity of sanctions to be imposed, once it determines that sanctions are appropriate. Alombro v. Alfortish, 845 So.2d at 1169. The trial court must consider four factors to determine the appropriate sanction award: 1) what conduct is being punished or is sought to be deterred?; 2) what expenses or costs were caused by the violating rule?; 3) were the costs or expenses "reasonable" as opposed to self-imposed, mitigatable, or the result of a delay in seeking the intervention of the court?; and 4) was the sanction the least severe to achieve the purpose of the rule? Id. The goal to be served by imposing sanctions pursuant to LSA-C.C.P. art 863 is not wholesale fee shifting, but rather the correction of an abuse of litigation by the awarding of reasonable, not necessarily actual, attorney fees. Id. An appellate court may award damages for a frivolous appeal, and "may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit." LSA-C.C.P. art. 2164. Since LSA-C.C.P. art 2164 is penal in nature, it must be strictly construed. Alombro v. Alfortish, 845 So.2d at 1170. Consequently, just because an appeal lacks merit does not mean that it is not automatically frivolous. Id. An appeal is considered frivolous pursuant to LSA-C.C.P. art 2164, if it raises no serious legal question, is taken solely for the purpose of delay, or it is evident that appellant's counsel does not seriously believe in the position he advocates. Id.
In this case, the trial court's judgment, on both the plaintiff's and U.S. Fire's motions for new trial, do not indicate that the court found the post-trial motions were frivolous. Therefore, the trial court's decision not to impose sanctions for the plaintiff's filing of the Motion for New Trial was not unreasonable, nor clearly wrong or manifestly erroneous. Likewise, the appellant's appeal raises legitimate legal issues; his arguments are simply unpersuasive. Therefore, we also decline to award additional attorney fees.
While we have declined to award additional attorney fees, we find that the plaintiff should be cast with all costs of court incurred by the defendant, U.S. Fire. We find that U.S. Fire, as the prevailing party, is entitled to recoup its court costs paid at the district court and at the appellate court. Plaintiff is therefore cast with all costs of court. In the original trial court judgment, the trial court only awarded a portion of U.S. Fire's costs to be paid by plaintiff. The assessment of costs against a prevailing party is considered an abuse of discretion absent proof that the prevailing party incurred costs pointlessly or engaged in other conduct that justified the assessment of costs against it. See Amato v. Office of Louisiana Com'r of Securities, 94-0082 (La.App. 4 Cir. 10/3/94), 644 So.2d 412, rehearing *116 denied, writ denied, 94-3024 (La.2/3/95), 649 So.2d 410, cert. denied, 515 U.S. 1144, 115 S.Ct. 2582, 132 L.Ed.2d 832. We find that U.S. Fire is entitled to recoupment of all of its court costs from the plaintiff.
Finally, we find that the trial court was clearly wrong and manifestly erroneous in imposing the sanctions on the plaintiff. As stated previously, both at the hearing and in his brief, plaintiff's counsel admits that he relied solely on the police report to determine the identity of Jefferson Parish's insurer. Plaintiff's counsel relied on his reading the police report, in error, interpreting the insurer of Jefferson Parish as United States Fire Ins., and made U.S. Fire a defendant in this litigation. Since the plaintiff, Allie Thibodeaux, did not provide her counsel with the name of Jefferson Parish's insurer, and since plaintiff's counsel drafted the petition relying on his own interpretation of the police report and made the erroneous tactical decision not to spend the necessary additional time to determine the proper party, plaintiff's counsel alone should be responsible for the sanctions imposed by the trial court.
For the foregoing reasons the trial court judgment is amended to reflect that the imposition of sanctions are to be imposed on plaintiff's counsel, Mr. Stephen C. Juan, and not on plaintiff, Allie Thibodeaux; plaintiff, Allie Thibodeaux, is cast in judgment with all of U.S. Fire's costs of court, both at the district court level and at the appellate level; in all other respects, the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED.