WALTER J. ROTHSCHILD, Judge.
| gIn this consolidated appeal, plaintiff, Jo Ann Levert, seeks review of: 1) the trial court’s July 27, 2005 judgment, which granted an Exception of Improper Venue filed by defendants, Manuel Fernandez, G. Frederick Seemann, and Fernandez and Seemann In Partnership (sometimes referred to as “the partnership”), and 2) the trial court’s April 13, 2005 judgment, which granted defendants’ request for sanctions against Ms. Levert and ordered her to pay $5,000 in attorney fees plus costs to defendants. For the reasons which follow, we affirm the judgments granting the Exception of Improper Venue and ordering Le-vert to pay sanctions to defendants. However, we amend the amount of sanctions and reduce them to $1,000.

FACTS AND PROCEDURAL HISTORY

This case involves a dispute over attorney fees arising from the settlement of a medical malpractice action filed in the 34th Judicial District Court in St. Bernard Parish, entitled Rosalie and John Russell v. Chalmette Medical Hospital, et al. (“Russell case”). Plaintiff asserts that Gerald Martinez was the original attorney 13handling the case on behalf of the Rus-sells, and he engaged the services of Le-vert in 1989 to assist with the case, because Levert is both an attorney and a nurse. Martinez and Levert apparently entered into a verbal contract providing for the division of attorney fees earned by Mr. Martinez on a contingency basis.
According to plaintiff, Martinez decided to retire his law practice while the Russell case was still pending, and he referred *618 the matter to the partnership of Manuel Fernandez and G. Frederick Seemann for further handling of the case. Levert contends that she entered into an oral contract with Seemann which provided that she would receive one-half of the contingency fee received by the partnership, in addition to fees she would receive under her agreement with Martinez. Seemann asserts that neither he nor the partnership contracted with Levert and that she is only entitled to a percentage of the fees received by Martinez, as per her agreement with Martinez. He contends that, pursuant to their agreement with Martinez, Fernandez and Seemann are entitled to two-thirds of the entire contingency fee and Martinez is entitled to one-third of the contingency fee, subject to any other agreements entered into by Martinez.
The Russell case settled in 2001 for $850,000. Thereafter, this dispute over approximately $280,000 in attorney fees arose. According to plaintiff, one-half of the entire contingency fee was disbursed to Fernandez and Seemann, one-third of the entire contingency fee was split equally between Levert and Martinez, and the remaining funds were left in Fernandez and Seemann’s client account due to the dispute over the proper distribution of attorney fees. On May 7, 2003, plaintiff filed this lawsuit as a concursus proceeding against Martinez, Fernandez, Seemann, and the partnership.
On July 29, 2003, Fernandez and Seem-ann filed Exceptions of No Cause of Action, Improper Venue, Nonconformity of the Petition, and Vagueness, and a ^Motion for Sanctions against plaintiff. Plaintiff then filed an Amended Petition for Concursus on August 14, 2003. A hearing was held on September 16, 2003 and, on November 3, 2003, the trial judge signed a judgment denying defendants’ Motion for Sanctions and finding defendants’ exceptions to be moot.
On October 2, 2003, plaintiff filed a Supplemental and Second Amended Petition in which she sought a declaratory judgment in addition to the relief sought in her prior petitions. On October 6, 2003, defendants filed Exceptions of No Cause of Action, No Right of Action for Concursus, Improper Use of Concursus, and Improper Venue, and a Motion for Sanctions against plaintiff, and they filed a supplemental memorandum on December 10, 2003. Plaintiff filed an opposition to defendants’ exceptions, asserting that some of defendants’ exceptions were waived by their appearance at the September 16, 2003 hearing seeking sanctions against plaintiff. On January 30, 2004, plaintiff filed a “Motion and Order for Concursus, Alternative Declaratory Relief.” On February 3, 2004, defendant Martinez filed exceptions seeking the same relief as that requested in Fernandez and Seemann’s exceptions, including sanctions.
A hearing was held on March 2, 2004 and the trial court signed a judgment with reasons on April 30, 2004, granting defendants’ Exceptions of No Cause of Action, No Right of Action, and Improper Use of Concursus, denying defendants’ Exception of Vagueness, and denying plaintiffs Motion and Order for Concursus, Alternative Declaratory Relief. In his reasons for judgment, the trial judge stated:
... we do not find that a cause of action or right of action exist [sic]. Since we have made a determination on these exceptions, it is not necessary to determine the question of venue since the nature of the claim bears upon a determination of venue.
On May 13, 2004, plaintiff filed a Motion and Order for Rehearing and Clarification of the April 30, 2004 judgment, in which she also requested that |sthe trial court *619 designate the April 30, 2004 judgment as final for purposes of appeal. A hearing was held on August 5, 2004 at the end of which the parties were granted additional time to file post-hearing memoranda and to obtain a transcript of the March 2, 2004 hearing. On October 6, 2004, the trial court rendered a judgment, denying plaintiffs Motion and Order for Rehearing and Clarification of Judgment based on a finding that the April 80, 2004 judgment was “clear in its findings, intent and orders.” However, noting that the April 30, 2004 judgment did not allow plaintiff time to amend her pleadings, the trial judge granted plaintiff “thirty (30) days after the notice of signing of this judgment by which to amend her petition to state a cause of action herein.” In this judgment, the trial judge also denied plaintiffs request to have the April 30, 2004 judgment certified as a final judgment, setting forth his reasons as follows:
Plaintiff has requested that we designate the judgment signed on April 30, 2004 as a final judgment for purpose of appeal. Since we have now allowed Plaintiff a delay by which to amend her pleadings, we decline to grant such relief. On the other hand, should Plaintiff notify the Court in writing of her desire to not amend as permitted, we will grant her request to so designate the judgment.
On October 18, 2004, plaintiff filed a “Notice of Intent to Apply for Supervisory, Remedial and/or Certiorari Writ of Review, and/or Suspensive Appeal of Judgments dated 4/30/04 and 10/06/04,” which was granted by the trial judge on October 18, 2004. Thereafter, plaintiff filed an appeal with this Court and, on February 16, 2005, defendants filed a Motion to Dismiss Appeal based on the fact that the April 30, 2004 judgment had not been certified as final. A panel of this Court dismissed plaintiffs appeal on February 24, 2005.
On January 14, 2005, defendants, Fernandez, Seemann, and the partnership again filed Exceptions of Improper Venue, Nonconformity of the Petition, and Vagueness, along with a Motion to Strike, and a Motion for Sanctions. These | (¡matters came for hearing on February 22, 2005. At this hearing, defendants told the trial judge that plaintiff had improperly sought an appeal of the April 30, 2004 judgment after the trial judge had specifically denied plaintiffs request to certify the judgment as final for appeal. The trial judge questioned Levert on this claim and the matter was discussed. It was also discussed that after the April 30, 2004 judgment was rendered, plaintiff filed another lawsuit regarding this attorney fee dispute, and it was assigned to another division of the 24th Judicial District Court and later dismissed on an Exception of Lis Pendens. At the end of the hearing, the trial judge gave the parties additional time to file post-hearing memoranda on the issue of sanctions, and defendants’ pending exceptions were again reset.
After plaintiff and defendants filed their post-hearing memoranda, the trial judge rendered a judgment with reasons on April 13, 2005, finding that sanctions against plaintiff were warranted for Levert’s disregard of the court’s order denying her request to certify the April 30, 2004 judgment as final for appeal purposes. The trial judge ordered plaintiff to pay $5,000 in attorney fees plus all costs to defendants, Fernandez, Seemann, and the partnership. This judgment is the first judgment at issue in this appeal.
On June 2, 2005, Fernandez and Seem-ann’s Exception of Improper Venue was heard by the court. Seemann and Levert testified at the hearing. At the conclusion of the hearing, the trial court granted defendants’ Exception of Improper Venue, *620 finding that Jefferson Parish was an improper venue as to Fernandez, Seemann, and the partnership. On July 27, 2005, the trial judge signed a judgment granting defendants’ Exception of Improper Venue and dismissing |7Fernandez, Seemann, and the partnership from this lawsuit. This is the second judgment at issue in this appeal.[1]

DISCUSSION

In her first assignment of error, plaintiff contends that:
The trial court erred in awarding sanctions against Levert for filing an appeal of the trial court’s April 30, 2004 Judgment with Reasons, where the Judgment granted exceptions of no cause of action, no right of action and improper use of concursus as to all defendants and could be deemed a final judgment under Code of Civil Procedure Art.1915.
Plaintiff asserts that the April 30, 2004 judgment granted Exceptions of No Cause of Action, No Right of Action, and Improper Use of Concursus as to all defendants, even though Martinez’s exceptions were not served and the trial judge had indicated that they were not being considered due to lack of service. Levert states that she believed the April 30, 2004 judgment was a final judgment, so she filed a Motion and Order for Rehearing and Clarification of Judgment, in which she also asked the trial judge to certify the judgment as final under LSA-C.C.P. art. 1915(B). Levert argues that after the trial judge denied her Motion for Rehearing and Clarification and her request to designate the April 30, 2004 judgment as final, she believed that the trial court’s grant of the exceptions was a final judgment, so she filed a Notice of Intent to File a Writ and/or Suspensive Appeal in order to prevent the April 30, 2004 judgment from “acquiring the authority of the thing adjudged” and becoming non-appealable. She argues that if the April 30, 2004 judgment dismissed the con-cursus proceeding as to all defendants, then it was a final judgment under LSA-C.C.P. art. 1915A(1), and it was not necessary to have the judgment certified as final by the trial court. She further argues that, even if lathe April 30, 2004 judgment was interlocutory and not final, it was appealable because it caused irreparable harm and a judgment causing irreparable harm is not required to be designated as final.
LSA-C.C.P. art.1915 provides in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
Despite Levert’s assertions, the April 30, 2004 judgment is not a final judgment under LSA-C.C.P. art. 1915A(1). We note that the April 30, 2004 judgment does not indicate that any defendants were dismissed from this lawsuit. In her brief, plaintiff states, “the April 30, 2004 Judgments [sic] with reasons did not actually dismiss any of the defendants from Le-vert’s lawsuit,” but she adds, “it did resolve the concursus proceeding between Levert and all defendants.” Plaintiff as *621 serts that she filed an appeal of the April 30, 2004 judgment to prevent it from becoming final. However, in his October 6, 2004 judgment, the trial judge specifically indicated that the judgment was not final, but that plaintiff could amend her petition or simply notify the Court in writing of her desire to not amend and then, the trial judge would certify the April 30, 2004 judgment as final. After a certification, Levert could have properly appealed the judgment and protected her right to keep the April 30, 2004 judgment from becoming final.
Considering the evidence before us and the applicable law, particularly LSA-C.C.P. art.1915, we find that the April 30, 2004 judgment was not final and could not have been appealed without being designated as final by the trial court. Accordingly, plaintiffs first assignment of error is without merit.
In her second assignment of error, plaintiff asserts that:
|nThe trial court erred in awarding sanctions against Levert for filing an appeal of the trial court’s April 30, 2004 Judgment with Reasons where the Notice of Intent to File Supervisory, Remedial and/or Certiorari Writ of Review and/or Suspensive Appeal of Judgments dated 4/30/05 [sic] and 10/06/04 was not misleading and clearly identified that one of the remedies being sought was an appeal of the April 30, 2004 Judgment with Reasons and the October 6, 2004 Judgment refusing to certify the April 30, 2004 Judgment as final, and copies of the April 30, 2004 Judgment with Reasons and the October 6, 2004 Judgment were attached to the Notice and were provided to the trial judge at the time the Notice of Intent was presented to the trial judge for signing.
She asserts that the pleadings do not reveal any intent by Levert to mislead the court because the caption of her Notice of Intent clearly sets forth that plaintiff was seeking a suspensive appeal of the April 30, 2004 and October 6, 2004 judgments as alternative relief, and she attached copies of these judgments with her Notice of Intent. She further argues that, given the ambiguity of the April 30, 2004 judgment and the possible harm to her by dismissal of the concursus proceeding as to all defendants, she had no choice but to appeal the April 30, 2004 judgment. Accordingly, she asserts that the trial judge’s order of sanctions against her should be reversed.
LSA-C.C.P. art. 863 provides that the signature of an attorney on a pleading constitutes a certification that she had read the pleading, that it is well grounded in fact to the best of her knowledge after reasonable inquiry, that it is warranted by existing law or good faith argument, and that it is not interposed for any improper purpose. Accordingly, under LSA-C.C.P. art. 863, there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1168, writ denied, 03-1947 (La.10/31/03), 857 So.2d 486. In determining whether an attorney has breached that affirmative duty, the trial court should test the signer’s conduct by inquiring what was 11nreasonable to believe at the time the pleading, motion or other paper was submitted. Sternberg v. Sternberg, 97-101 (La.App. 5 Cir. 5/28/97), 695 So.2d 1068, 1071, writ denied, 97-1737 (La.10/13/97), 703 So.2d 618. If the court determines that a certification has been made in violation of art. 863, the court shall impose upon the person who made the certification an appropriate sanction which may include an amount of reasonable attorney fees. LSA-C.C.P. art. 863(D); Id.
*622 In this case, in the trial judge’s reasons for judgment, he stated in part:
Ms. Levert is an officer of the Court licensed to practice in the State of Louisiana. She acts herein as her own legal representative. In such capacity, she is not released from the obligations imposed upon her by the Rules of Professional Conduct promulgated by the Louisiana State Bar Association. Rule 3.3 of said rules, styled “Candor Toward the Tribunal”, provide [sic] in part as follows:

(a) A lawyer shall not knowingly:

(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by apposing [sic] counsel;

We believe that Ms. Levert’s failure to point out to the Court that she included in her order a matter which was a specific contradiction and reversal of the judgment at issue, violates this rule of conduct. We conclude that her failure to so disclose was intentional and with malice on her part, specifically because the denial of the right to appeal was a material issue relating to the October 6th judgment. Simply put, this right to appeal was not a minor matter which could be overlooked or confused in some fashion. Additionally, in reviewing the pleadings before us, we do not find that Ms. Levert ever indicates that this was an oversight on her part or expresses regrets [sic] for her conduct, but she attempts to minimize her acts by suggesting that she had a constitutional or lawful right to do that which she did. We perceive this to mean that Counsel has determined for herself what the applicable law is and whether right or wrong, she will disregard a valid judgment of the tribunal and mislead the Court to accomplish her purpose. This is dangerous and reprehensible.
Orders and pleadings submitted to the Court are not to be presented on a “Judge Beware” approach. The Trial Judge must exercise due diligence in the signing of any orders presented before him, but he is not expected to return to the file and closely scrutinize the record before him in search of honesty. To do so would result in undue delay and loss of valuable time and effort in Inthe administration of justice. Indeed, the Court is required to rely upon the certification by Counsel as expressed in LSA-C.C.P. art. 863. Rule 3.3 seeks to compel therefore, that Counsel will notify the Court in advance, when he or she had taken an action adverse to some established rule of law. There can be no greater rule of law than a valid judgment of the Court.
It is obvious to the least of all, that this Court would not take an action by judgment on one day and reverse that judgment by an order twelve days later. That reversal occurred, solely by the deceptive devices and practices of Ms. Le-vert who failed in her duty as an officer of the Court. We thus find that Defendants request for sanctions pursuant to Louisiana C.C.P. art. 863 to have merit.
The trial judge specifically denied plaintiffs request to designate the April 30, 2004 judgment as final. Thereafter, plaintiff did not file a “Motion for Appeal;” rather, she filed a Notice of Intent with a lengthy title, seeking to file a writ application and/or appeal. The trial judge could have reasonably believed that this was done in an effort to mislead him into granting her request for an appeal. After all, the trial judge had just denied her request to designate the April 30, 2004 judgment as final on October 6, 2004 and she filed her Notice of Intent on October *623 18, 2004. As stated above, if plaintiff believed that April 30, 2004 judgment was final and wished to appeal it, the trial judge specifically indicated that she could notify the court of her desire not to amend and he would certify the judgment as final so that she could go forward with an appeal. However, no such written notification was provided to the trial court.
In reviewing a trial court’s factual, finding that LSA-C.C.P. art. 863 was violated, appellate courts use the manifest error or clearly wrong standard. Alombro v. Alfortish, supra at 1168. Considering the evidence before us and applying the applicable principles of law, we cannot say that the trial judge’s decision to impose sanctions against Levert was manifestly erroneous dr clearly wrong.
|19Once a violation of LSA-C.C.P. art. 863 has been found and sanctions are imposed, the amount of sanctions are reviewed under the abuse of discretion standard. Butler v. Reeder, 98-484 (La.App. 5 Cir. 12/29/98), 728 So.2d 888, 894, writs denied, 99-1026, 99-1035 (La.5/28/99), 743 So.2d 673, 674. The trial court must consider four factors to determine whether or not the amount of sanctions awarded was appropriate: 1) the conduct that is being punished or is sought to be deterred; 2) the expenses or costs caused by the violation of LSA-C.C.P. art. 863; 3) whether the costs or expenses were reasonable; and 4) whether the sanction was the least severe to achieve the purpose of LSA-C.C.P. art. 863. Thibodeaux v. Billiott, 04-1308 (La.App. 5 Cir. 3/1/05), 900 So.2d 110, 115.
Applying these factors to the case before us, we find that the trial judge abused his discretion in awarding sanctions of $5,000 plus costs against Levert, because this amount is excessive and not the least severe to achieve the purpose of LSA-C.C.P. art. 863. Accordingly, we amend the sanction award and reduce it to $1,000, which is an appropriate amount of sanctions for Levert’s conduct in this case.
In her third assignment of error, plaintiff argues that:
The trial court erred in granting the exception of improper venue as to Fernandez, Seemann and the Partnership, where the cause of action being asserted by Levert against these defendants involves a[sic] attorneys fee contingency dispute, which requires the joinder of all attorneys involved as parties necessary to a just adjudication under Saucier v. Hayes, 373 So.2d 102 (La.1979) and it progeny, where one of the defendants is a resident and domiciliary of Jefferson Parish, the parish in which suit was filed, and the defendants objecting to venue admitted that work on the case which resulted in the contingency fee took place in Jefferson Parish.
The Russell case, which was the litigation that originally associated the parties in the instant litigation, was filed in St. Bernard Parish. It is undisputed that neither Fernandez nor Seemann is domiciled in Jefferson Parish. However, Levert ^j^asserts that venue in Jefferson Parish is proper as to all defendants, because one of the defendants, Martinez, is domiciled in Jefferson Parish. Plaintiff asserts that Martinez was domiciled in Jefferson Parish when the fee sharing arrangement with Levert took place, when Martinez associated Fernandez and Seemann as co-counsel in the Russell case, when the case settled, and when the attorney contingency fee was distributed. She also asserts that venue is proper in Jefferson Parish pursuant to LSA-C.C.P. art. 76.1, because some work on the Russell case was done in Jefferson Parish, and the settlement conference *624 which Seemann attended was held in Jefferson Parish.[2]
Venue is a question of law, which is reviewed de novo by the appellate court. Boes Iron Works, Inc. v. Travelers Cas. and Sur. Co. of America, 05-782 (La.App. 5 Cir. 3/28/06), 927 So.2d 553, 555; Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App. 2 Cir. 11/1/00), 779 So.2d 817, 820. The general rules of venue are set forth in LSA-C.C.P. art. 42, but they are subject to certain exceptions and alternatives. LSA-C.C.P. art. 43. These alternative statutory venue provisions are an extension, supplement, and legal part of the general venue provisions, rather than exceptions requiring strict construction. Elliott v. Amato and Creely, 05-376 (La.App. 1 Cir. 3/29/06), 934 So.2d 779.
At the hearing on the Exception on Improper Venue, Seemann testified that neither he nor the partnership entered into any agreement with Levert individually, but they allowed her to participate in some of the proceedings because she told them she wanted to protect her interest in the Russell case. He testified that Fernandez and Seemann did no work on the case in Jefferson Parish |uand did not enter into any agreement in Jefferson Parish regarding the Russell case. He further stated that the meetings he had with Martinez were held in New Orleans and neither he nor Fernandez is domiciled or has an office in Jefferson Parish.
Levert testified that she entered into a fee arrangement with Martinez in Jefferson Parish and did some work on the Russell case at Martinez’s office in Jefferson Parish. She further testified that Martinez received medical records pertaining to the case while in Jefferson Parish. She admitted that she never met with Fernandez or Seemann in Jefferson Parish, but she met with Seemann numerous times in Lafayette.
There are several alleged contracts involved in the history of this case, but not all of them are at issue in this litigation. Plaintiff asserts that this litigation involves an oral contract between her and Martinez whereby she would receive one-third of the attorney contingency fees received by Martinez in the Russell case. However, plaintiff admits that she received one-half of the fees received by Mr. Martinez, which she agrees may be an overpayment. Accordingly, Levert does not contend that Martinez did not comply with the provisions of this oral contract. Further, plaintiff does not dispute the contract between Martinez and the Russells. Rather, she argues that she had an oral contract with Fernandez and Seemann, which they deny, and she contests the terms of the agreement between Martinez and Fernandez and Seemann, to which she was not a party.
The instant lawsuit focuses on an alleged oral contract between Levert and Fernandez and Seemann, whereby Levert alleges that she was to receive one-half of the attorney contingency fees received by Fernandez and Seemann. Levert asserts that venue in Jefferson Parish is proper under LSA-C.C.P. art. 76.1, because Seemann attended a settlement conference regarding the Russell case in Jefferson [ 1KParish and therefore, “work” on the contract at *625 issue was performed in Jefferson Parish. LSA-C.C.P. art. 76.1 provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Although plaintiff contends that “work or services” on the contract at issue were performed when Seemann attended the settlement conference in Jefferson Parish, we disagree. The settlement conference was “work or services” that took place regarding the Russell case and involved the parties to the Russell litigation, and possibly any contract between the Russells and their attorneys. The record does not indicate that the conference pertained in any way to the alleged oral contract between Levert and Fernandez and Seem-ann, and this conference cannot be considered “work or services” pertaining to that alleged contract. Accordingly, we find that plaintiff has not shown that venue is proper in Jefferson Parish pursuant to LSA-C.C.P. art. 76.1.
After performing a de novo review of the record and considering Louisiana law on venue, we find no error in the trial court judgment granting defendants’ exception of improper venue and dismissing plaintiffs claims against them.

DECREE

For the reasons set forth above, we amend the sanction award imposed against Levert and reduce it to $1,000. In all other respects, we affirm the trial court’s April 13, 2005 and July 27, 2005 judgments.

AFFIRMED AS AMENDED.

. We note that defendants filed an Answer to Appeal on July 28, 2005. However, they did not file a brief with this Court in response to plaintiff's appeal or in support of the issue in their Answer to Appeal, i.e. the issue of attorney fees/sanctions for filing a "frivolous appeal.” Further, based on our review of the record, we find that defendants are not entitled to the relief sought in their Answer to Appeal.

. Plaintiff has also argued that defendants waived their venue exception, because they appeared at the hearing on sanctions prior to the hearing of the venue exception. However, when a declinatory exception of improper venue is timely filed before the answer, a subsequent general appearance before trial of the declinatory exception does not constitute waiver of the pending exception. See Bickham v. Sub Sea International, Inc., 93-0541 (La.4/30/93), 617 So.2d 483, 484.