SCHOTT, Chief Judge.
We grant certiorari in order to review a judgment of the trial court granting respondent’s motion in limine and prohibiting Joseph H. McCusker III from testifying at the trial of this case on the basis of the attorney-client privilege.
This case arose out of an automobile accident. Respondent filed suit against a number of defendants including relator, Boh Bros. Construction Company, Inc. In anticipation of the trial relator gave notice of its intention to call as a witness McCusker who is an attorney at law. Respondent filed a motion in limine to prohibit him from testifying. She alleged that he had been her attorney and she invoked the attorney-client privilege to prevent him from testifying in the case. In a hearing on the motion the trial judge heard testimony by respondent and McCusker. In his testimony McCusker refused to testify because he was being investigated by the Disciplinary Board of the State Bar Association because of his conduct in this case. However, he had testified extensively at a deposition whose transcript was available to the trial judge and is a part of the record in this court.
The principal issue in the case is whether an attorney-client relationship ever existed between respondent and McCusker. The trial judge’s decision that the attorney-client relationship existed between these parties is essentially one of fact. The facts about which McCusker testified and the inferences drawn from them support the trial court’s decision. After our own review of the record, we conclude that the trial judge was not clearly wrong.
However, the case does not end here. Although the attorney-client relationship existed the question is whether the trial court properly prohibited McCusker from giving any testimony at all. We have con- . eluded that this blanket prohibition is not supported by the applicable law.
R.S. 13:3734.3 provides:
No attorney or counselor of law shall give evidence of anything that has confided to him by his client, without the consent of the client, but his being employed, as counselor or attorney does not disqualify him from being a witness in the cause in which he is employed. (emphasis added).
Rule 1.6 of the Rules of Professional Conduct of the Louisiana State Bar Association provides:
(a) A lawyer shall not reveal information relating to representation of a client....
Thus, under the statute, the fact that the attorney-client relationship existed between respondent and McCusker does not disqualify him from being a witness; and under the Rule he may reveal information except that which relates to his representation of respondent as his client.
Relator has identified ten “areas of testimony” as to which it contends McCusker should be compelled to testify. Seven of these areas clearly relate to his representation of her, such as statements and admissions against interest she made to him, tasks he observed her performing in a professional setting in the preparation of her case or and observations which would have a direct impact on the extent of her disability and the cause thereof. However, the remaining three areas do not relate to McCusker’s representation of respondent as his client. They are:
(1) Plaintiff's consumption of alcohol, illegal drugs and her ability to date and attend parties during the relevant time period.
(8) The ability of Barbara Bernard to engage in sexual relations during the spring and summer of 1988.
(9) McCusker has testified that at times Barbara Bernard filled in at his office as a receptionist/operator.
*1119 Accordingly, the judgment of the trial court prohibiting Joseph H. McCusker III from testifying in the trial of this matter is reversed and set aside. However, his testimony is to be limited in accordance with R.S. 13:3734.3, Rule 1.6 of the Rules of Professional Conduct, and the views expressed in this opinion.
REVERSED AND RENDERED.