BARRY, Judge.
Renee Roubion Lattimore, Rudolph P. Lattimore and Kent Lattimore (the Latti-mores) seek review of the denial of their motion to disqualify the law firm of Sessions & Fishman as counsel for Cherion, Inc., based upon the law firm’s prior representation of the Lattimores.
There is no question that Max Nathan, Jr. and Sessions & Fishman had an attorney-client relationship with the Latti-mores from 1973 to 1987. However, the existence of such a relationship does not automatically mandate disqualification of Sessions & Fishman or Andrew Braun, who joined the firm in January 1993.
The Lattimores do not contend that confidential information has been divulged. Instead, the issue of disqualification turns upon whether the Lattimores can demonstrate that the matters embraced within the present litigation have a “substantial relationship” to the prior Sessions & Fishman representation. State v. Allen, 539 So.2d 1232 (La.1989).
The present litigation concerns the existence and extent of a drainage servitude across certain property partitioned in 1983 between Renee Lattimore and the Corinne Marin Roubion Inter Vivos Trust. Prior to that partition, Sessions & Fishman provided financial advice to the Lattimores concerning a proposal to sell or lease the jointly owned property through the Industrial Bond Financing Program. A disagreement concerning this proposal led to the decision to partition. The Act of Partition was prepared by an attorney for a third party who was to develop the property. After the partition, the parcel allocated to the Trust was acquired by Cherion, Inc., the entity now suing for judicial recognition of a servitude over the parcel allocated to Renee Lattimore.
It was also shown that Sessions & Fish-man performed estate planning and prepared wills for the Lattimores, and represented Renee Lattimore when Corinne Marin Rou-bion sued to remove her as Trustee of a family trust. That litigation ended in a settlement, but the Lattimores assert (without elaboration) that personal information was divulged which could affect this litigation between the “warring factions” of the family.
In summary, the evidence shows that the Sessions & Fishman representation of the Lattimores focussed on trust, estate and financial planning. The firm was specifically consulted regarding the use of Industrial Revenue Financing Bonds for the sale or lease of the same land at issue here. Howev.er, the present litigation concerns the existence of an alleged servitude on the property, a matter not claimed to have been within the scope of prior legal representation. The existence of a superficial connection between the present and former matters does not constitute a “substantial relationship” for disqualification purposes. See, e.g., Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 646 F.2d 1020, 1031 (5th Cir.), cert. denied, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981).
It is also noted that Sessions & Fishman, in an attempt to respond to the Lattimores’ request for production of the prior files, were unable to produce all the documents because the files had been in storage and could not be found. Max Nathan, Jr. testified that Andrew Braun “has not seen anything that our firm has since he came over on the first of the year.”
The trial court properly denied the defendants’ motion to disqualify.