636 So.2d 1061 (1994)
Jerrye BARRE
v.
Roland ST. MARTIN, Malcolm J. Falgoust, and John Howard Falgoust, Jr.
No. 93-CA-973.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 1994.
*1062 L. Kevin Coleman, New Orleans, for plaintiff-appellant.
John L. Diasselliss, III, William D. O'Regan, III, LaPlace, for defendants-appellees.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal concerns the granting of defendants-appellees' motion for summary judgment dismissing plaintiff-appellant's suit. Plaintiff-appellant, Jerrye Barre, alleges defendant-appellee, Mr. St. Martin, breached his fiduciary duty as an attorney when he first represented her in a succession matter and subsequently represented a client whose interests were adverse to her in a partition matter. She also alleges conspiracy between the attorney and the new clients. We affirm.

ISSUE
The primary issue presented is whether an attorney owes a fiduciary duty to his former client not to represent a later client, whose interests are adverse to the former client, in the partition of property, which was the subject of a succession in which the attorney represented the former client.

FACTS
Defendant, Mr. St. Martin, represented plaintiff, Ms. Barre, and the other co-heirs in the succession of their mother in 1974. A judgment of possession was rendered July 18, 1974 placing the heirs in simple possession of a certain tract of land. Four years later in 1978, Mr. St. Martin purchased an undivided one-tenth interest in the tract of land from one of the co-heirs for $3,000.
Subsequently, one of the co-heirs sold his undivided six-tenths interest in the land for $30,000 to defendant, Mr. John Howard Falgoust, Jr. John Falgoust then sold his six-tenths interest to his brother, Mr. Malcolm J. *1063 Falgoust, a defendant in this matter.[1] Thereafter, Mr. St. Martin sold his one-tenth interest to Malcolm Falgoust meaning that Malcolm had a total seven-tenths interest in the property.
Wishing to partition the land of which he was a co-owner, Malcolm retained the services of Mr. St. Martin. In April 1980, Mr. St. Martin filed a petition for partition by licitation naming appellant, his former client, and the other co-heirs as defendants. Plaintiff-appellant never answered the suit, and the property was bought at a public auction by Malcolm for $5,000. Plaintiff-appellant received $359.40 for her one-tenth interest in the property.
In August 1981, plaintiff-appellant brought suit against Mr. St. Martin for breach of fiduciary duty she alleges he owed her as a result of their attorney-client relationship. She also alleged conspiracy between Mr. St. Martin and John and Malcolm Falgoust. The defendants-appellees filed motions for summary judgment, which were granted on April 7, 1993. The plaintiff-appellant appeals from that judgment.

ANALYSIS
A dispute involving an attorney-client relationship is subject to close scrutiny. Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir.1984). In its Reasons for Judgment, the trial court found the attorney-client relationship between Mr. St. Martin and Ms. Barre ended after the succession proceedings concluded. We agree. Since the existence of an attorney-client relationship is a question of fact, and, from our review, we cannot say the trial court was clearly wrong in its conclusion, the rules governing the relationship between an attorney and his former client apply. See Bernard v. Lott, 610 So.2d 1117 (La.App. 4th Cir.1992). Rule 1.9 of the Rules of Professional Conduct[2] provides:
A lawyer who has formerly represented a client in a matter shall not thereafter;
(a) Represent another person in the same or a substantially related matter in which that person's interests are material adverse to the interests of the former client unless the former client consents after consultation; or
(b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
The key inquiry is whether Mr. St. Martin's representation of appellant in the opening of her mother's succession is substantially related to the representation of Malcolm Falgoust in the partition by licitation of property, which was the subject of the succession. Whether a matter is substantially related to another is a question of fact. In making such a finding, the scope of the prior representation must be considered. Cherion, Inc. v. Lattimore, 624 So.2d 459 (La.App. 4th Cir.1993). Mr. St. Martin was retained by appellant and other co-heirs to open their mother's succession. This representation ended with the judgment of possession in 1974. While a partition may be an incidental matter in a succession proceeding, it was not in this case. Mr. St. Martin admits appellant came to him a few times after the judgment of possession seeking a partition in kind. However, Mr. St. Martin stated he did not take on this representation because he did not feel the property was susceptible of a partition in kind. Six years later, Mr. St. Martin represented co-owner, Malcolm Falgoust, in a partition by licitation. While the partition involved the same property that was the subject of the prior succession proceeding, we cannot say the matters are substantially related.
Even if we were to find the partition and the succession proceedings substantially related, we find Ms. Barre waived her right to object to Mr. St. Martin's subsequent *1064 representation of appellee. A former client may expressly or tacitly waive his objection to his former attorney's representation of a client whose interests are adverse to the former client. Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3d Cir.1968). We note that once served with the partition petition evidencing Mr. St. Martin's representation of Malcolm Falgoust against her, appellant never sought to disqualify Mr. St. Martin. In fact, appellant did not seek any advice or answer the petition. Hence, appellant tacitly waived any objection she may have had against Mr. St. Martin's representation of Malcolm Falgoust.
We find that there are no genuine issues of material fact. We also find that, under the circumstances of this case, Mr. St. Martin is entitled to judgment as a matter of law. Mr. St. Martin's subsequent representation in a partition matter involving the same property that was the subject of a former representation in a succession proceeding is not substantially related so as to prevent the subsequent representation. Furthermore, even if we were to find the representation was substantially related, we find Ms. Barre waived her right to object to the representation. Therefore, we find the trial court did not err in granting Mr. St. Martin's motion for summary judgment.
We also note that John and Malcolm Falgoust cannot be liable for the alleged conspiracy to defraud appellant with Mr. St. Martin if he himself is not liable for misconduct in his capacity as an attorney. Therefore, John and Malcolm Falgoust's motion for summary judgment was also properly granted.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] Mr. St. Martin acted as the notary for both the sale between the co-heir and John Falgoust and the sale between John Falgoust and Malcolm Falgoust.
[2] The Rules of Professional Conduct were effective in their present form in 1987. Prior to that time, the attorney-relationship was governed by the Model Code of Professional Responsibility which carried the effect of substantive law. Succession of Cloud, 530 So.2d 1146 (La.1988). The adoption of the Rules of Professional Conduct does not change the law and, thus, the Rules are retroactive.