Dear Sheriff Morein:
This office in receipt of your opinion request relating to the following:
Whether an attorney whose partner is a Parish Indigent Defender may serve as a civil legal counsel to the Sheriff in the same Parish. The attorney's duties as civil legal counsel to the Sheriff would be limited to civil matters and would be limited to giving the Sheriff advice on things such as Sheriff's sales, health insurance, employee-employer relations administrative problems, and things of that nature. The job would entail some litigation on liability cases, however, the Sheriff's Department is insured and the insurance carrier would retain their counsel to defend liability cases.
The applicable standards for ethical conduct by attorneys are set forth in Louisiana's Rules of Professional Conduct. The pertinent rules provide as follows:
 Rule 1.7 Conflict of Interest: General Rule
 Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
 (2) Each client consents after consultation.
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless;
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
 Rule 1.8 Conflict of Interest: Prohibited Transactions
 As a general principle, all transactions between client and lawyer should be fair and reasonable to the client. Furthermore, a lawyer may not exploit his representation of a client or information relating to the representation to the client's disadvantage. Examples of violations include, but are not limited to, the following:
 * * * *
 (b) A lawyer shall not use information relating to the representation of a client to the disadvantage of the client unless the client consents after consultation.
 * * * *
 Rule 1.9 Conflict of Interest: Former Client
 A lawyer who has formerly represented a client in a matter shall not thereafter;
 (a) Represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
 Rule 1.10 Imputed Disqualification: General Rule
 (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9, or 2.2.
 * * * *
Under Rule 1.7, when an attorney's representation of a client would be "directly adverse to" the representation of another client, or when an attorney's representation of a client would be "materially limited by" the representation of another client, such representation requires the consent of the affected client. Rule 1.8(b) requires the consent of a client before the use of any information gleaned from the representation of that client to the disadvantage of that client. Rule 1.9 extends these general principles, with some variation, to an attorney's former clients.See, however, Cherion, Inc. v. Lattimore, 624 So.2d 459 (La.App. 4 Cir. 1993). Rule 1.10 treats attorneys associated in a partnership as a single entity for purposes of the rules regarding conflict of interest.
In the scenario you have described, the partnership that would represent both indigent defendants and the Office of the Sheriff (the "Partnership") must be considered, pursuant to Rule 1.10, as a single entity. The question under Rule 1.7 is therefore whether the representation of the Office of the Sheriff would 1) be "directly adverse to" the interests of indigent defendants, or 2) "materially limit" the partnership's representation of indigent defendants.
In the State of Louisiana it is the district attorney, and not the sheriff, who is charged with the prosecution of criminal matters. La. Const. Art. V § 26; Plaquemines Parish Com'n Council v. Perez,379 So.2d 1373, 1376-77 (La. 1980). Accordingly, there is nodirect conflict of representation because, in criminal matters, the State of Louisiana is represented by the district attorney, not the sheriff.
However, the sheriff in each parish is constitutionally designated as the "chief law enforcement officer in the parish." La. Const. Art. V § 27. Accordingly, it is the sheriff that is charged by the Louisiana Constitution of 1974 with the ultimate responsibility of investigating those offenses prosecuted by the district attorney. Rule 1.7 looks at the "responsibilities to another client" in evaluating the effect of such other representation upon that attorney's ability to fairly represent his client. According to the query submitted, the representation of the sheriff would be limited to civil matters, in particular advice on things such as sheriff's sales, health insurance, et al. Assuming such a limitation, it is our opinion that the Partnership's representation of the sheriff would not "materially limit" the Partnership's representation of indigent defendants.
In so stating, we add the caveat that any extension of the representation provided by the Partnership to the area of law enforcement, including policies and procedures relating to the sheriff's law enforcement mission, might well affect the Partnership's representation of indigent defendants in such a way as to "materially limit" such representation. Given this, it would be prudent for the Partnership to obtain written waivers of any conflict of interest from all indigent defendants it represents.
Your request does not indicate that any information obtained in the representation of the sheriff would be used, to the advantage or disadvantage, of any indigent defendants. Accordingly, this opinion does not address that issue, other than to note the applicability of Rules 1.6, 1.7, 1.8(b), and 1.10.
As an added caveat, the Office of the Attorney General feels that the attorney for the sheriff may want to get an opinion from the Louisiana State Bar Association concerning the ethical considerations that may not be proper subject for our office to address. Thank you for your cooperation and understanding concerning this issue.
Sincerely yours,
 _______________________ PAUL LEBLANC ASSISTANT ATTORNEY GENERAL