STEWART, J.
Lin this case, the trial court awarded Attorney Michael Delesdernier sanctions for legal fees expended in the amount of $12,370.07, and Mrs. Jo Ann Boggs Barnes sanctions for -legal fees expended in the amount of $2,500.00. Both parties appeal several aspects of the trial court’s judgment. For the following reasons, we affirm.
FACTS
On June 27, 1994, Jo Ann Boggs Barnes (hereinafter referred to as “Mrs. Barnes”) and her now deceased husband, Clyde A. Barnes, Jr., transferred ownership of their property to their son, Clyde A. Barnes, III, and their daughter-in-law, Julia Cloud (hereinafter referred to as “Mrs. Cloud,”) for $1,500.00. The property (hereinafter referred to as “Mallard property”) was located at 10758 Mallard Drive, Keithville, Louisiana, 71047.
Mrs. Cloud and Clyde A. Barnes, III, divorced in August of 2004. In the divorce proceedings, Mrs. Cloud sought to include the Mallard property in the division of community property. The district court determined that the Mallard property was community property and ordered that it be sold.
In August of 2008, Mrs. Barnes filed suit against Clyde A. Barnes, III, and Mrs. Cloud, requesting that the court either *70 transfer the property back to her or to grant her full use and/or usufruct. She alternatively requested reimbursement for property tax payments and improvements in the amount of $116,468.00 from them. Mrs. Barnes filed a notice of lis pendens specifically identifying the Mallard property-
12Since Mrs. Barnes resided at the Mallard property, Mrs. Cloud filed a rule to evict her so that the property could be sold. The district court denied the rule, finding that Mrs. Barnes was entitled to remain in the house until she was reimbursed.
The trial court awarded Mrs. Barnes reimbursements in the amount of $58,211.50, but assessed her with rent in the amount of $32,400.00. After the rent offset, Mrs. Barnes received $25,811.50. Mrs. Barnes filed a motion for new trial, seeking additional damages and reconsideration of the rental payments that had been assessed against her. She was granted additional damages in the amount of $953.82. Mrs. Cloud’s motion to evict Mrs. Barnes was granted, and judgment was rendered ordering Mrs. Barnes to vacate the premises and deliver the property to Mrs. Cloud on November 30, 2010. Further, Mrs. Cloud’s petition of mandamus was granted, ordering that the notice of lis pendens be cancelled from the mortgage records.
Mrs. Barnes filed a devolutive appeal.[1] Once the delay for the devolutive appeal had run, Mrs. Cloud attempted to sell the property. On or about January 18, 2011, Mrs. Cloud obtained a contract to sell the Mallard property, and was scheduled to close on January 21, 2011. A representative of the closing attorney’s office contacted Attorney Delesdernier and requested that he cancel a notice of lis pendens he had filed. He informed the representative that he would not cancel the notice. He also informed the | sclosing attorney’s representative that he was pursuing an appeal, and if he was successful, he would attempt to regain possession of Mrs. Cloud’s property regardless of whether it had been sold. As a result of this conversation, the closing attorney did not grant clear title to Mrs. Cloud’s property.
On January 31, 2011, Mrs. Cloud filed a petition for damages against Attorney De-lesdernier, alleging that he is liable to her because he communicated with the closing attorney regarding Mrs. Barnes’s intent to seek possession of the Mallard property if he was successful on appeal. Prior to filing suit, Mrs. Cloud’s attorney, Rickey Swift, faxed a letter to Attorney Delesder-nier on January 14, 2011, to inform him that he would file a bar complaint if he did not convince Mrs. Barnes to waive her rights in the appeal that was pending in this court at that time. Swift then sent Attorney Delesdernier a draft petition initially naming Mrs. Cloud as the plaintiff, and Attorney Delesdernier as the defendant. Mrs. Barnes was later named as co-defendant in the matter.
Attorney Delesdernier filed an exception of no cause of action in response to Attorney Swift’s petition. This exception was granted, dismissing all claims against Attorney Delesdernier with prejudice. Attorney Delesdernier reserved his right to pursue sanctions, asserting that the law *71 suit deliberately created a conflict between him and Mrs. Barnes, restricting him from representing her.
Attorney Delesdernier filed an exception of no cause of action on behalf of Mrs. Barnes. At the hearing on June 27, 2011, the exception was |4granted, and Mrs. Cloud’s claims against Mrs. Barnes were dismissed with prejudice.
Soon thereafter, Attorney Delesdernier and Mrs. Barnes filed a motion for sanctions pursuant to La. C.C.P. art. 863. On November 18, 2011, Attorney Swift filed a motion to disqualify pursuant to Rule 3.7 of the Louisiana Rules of Professional Conduct. At the hearing on the motion, Attorney Swift noted that after reading the opposition, he should have filed a motion for summary judgment. The motion to disqualify was denied at Mrs. Cloud’s costs. Attorney Swift refused to agree to the proposed judgment denying the motion to disqualify, since it would have required that he and Mrs. Cloud pay court costs.
On April 2, 2012, Attorney Swift and Mrs. Cloud were sanctioned for violating La. C.C.P. art. 863. Attorney Delesdernier was awarded sanctions for the legal fees in the amount of $12,370.07. He was not awarded sanctions as a litigant for his travel costs, loss of time, and the legal costs to file the motion for sanctions. Mrs. Barnes was awarded sanctions for legal fees expended for the sanctions motion, but was not awarded legal fees for having to file and defend the motions to have the case dismissed. Mrs. Cloud filed a motion for new trial, which was denied.
Both parties have appealed. Mrs. Cloud and Attorney Swift appeal: (1) the denial of their motion to disqualify Attorney Delesdernier and assessing them with costs; (2) the denial of their motion for summary judgment; and (3) the judgment granted in favor of Mrs. Barnes and Attorney Delesdernier. Mrs. Barnes and Attorney Delesdernier appeal: (1) |5the denial of Attorney Delesdernier’s claim for cost and expenses related to the defense of the suit, including but not limited to travel cost; (2) the denial of his claim for damages related to the time he spent as a party to defend the suit filed against him; (3) the denial of his claim for legal fees for bringing the sanctions motion; and (4) the denial of Mrs. Barnes’s claim for legal fees associated with the suit.
LAW AND DISCUSSION

Motion to Disqualify

In their first assignment of error, Mrs. Cloud and Attorney Swift allege that the trial court erred in denying their motion to disqualify Attorney Swift and Attorney Delesdernier and assessing them with costs. The motion to disqualify asserted that Delesdernier “will unquestionably provide testimony which relates to an issue which is contested, the testimony does not relate to the nature and value of the legal services rendered, and there is no showing that this disqualification of the lawyer would work a substantial hardship on the client, since the lawsuit has only been recently filed, and the nature of the lawsuit is not complex.” Attorney Swift and Mrs. Cloud argued that Attorney De-lesdernier is unable to proceed as counsel because he is a material witness.
As stated in the facts section of this opinion, Attorney Delesdernier and Mrs. Barnes filed a motion for sanctions pursuant to LSA.-C.C.P. art. 863. Soon thereafter, Attorney Swift filed a motion to disqualify Delesdernier and himself pursuant to Rule 3.7 of the Louisiana Rules of Professional Conduct. Apparently, Attorney Swift contended that Attorney | fiDelesdernier would have been a material witness in the matter regarding sanctions. *72 The trial court denied the motion to disqualify at Mrs. Cloud’s costs.
Rule 3.7 of the Louisiana Rules of Professional Conduct prohibits a lawyer from acting as an advocate in a trial in which the lawyer is likely to be called as a necessary witness except under certain circumstances. It provides in pertinent part:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
In the present case involving a motion for sanctions, Delesdernier is not only an attorney; he is also a party. In the motion, he noted that “pursuant to La. C.C.P. art. 863 Julia Cloud and Rickey Swift are liable to Michael R. Delesdernier and Jo Ann Barnes for attorney fees, expenses, costs, and sanctions.” Rule 3.7 does not address the situation where the lawyer is representing himself. The Comments to Rule 3.7 of the American Bar Association Model Rules of Professional Conduct (from which our Rule 3.7 is taken verbatim) state that the rationale of the advocate-witness rule do not apply to the pro se lawyer litigant. Farrington v. Law Firm of Sessions, Fishman, 96-1486 (La.2/25/97), 687 So.2d 997. Further, jurisprudence is devoid of any indication that a court has ever disqualified or even | considered disqualification of an attorney seeking sanctions pursuant to La. C.C. art. 863.
Additionally, Attorney Swift made the following comment during the motion for disqualification hearing:
However, however, what — after reading the case that deals with the law based upon the lawsuit that he’s filed, and I don’t know if the Court is aware of the law that addresses the matter in which — that he’s filed, my suggestion is that the Court defer from this and allow me to file a motion for summary judgment because I believe that this entire matter can be addressed upon a motion for summary judgment. And the reason I say that is because the law under what he has sued upon, the law is very, very clear, (emphasis added)
This comment proves that prior to this hearing, Attorney Swift researched this issue and realized that the motion for summary judgment would have been the proper vehicle for this matter. For reasons unknown, Swift, equipped with the knowledge that a motion for summary judgment would be the proper vehicle, declined to withdraw the motion to disqualify, choosing instead to continue to pursue this outlandish motion. Even though this motion sought to withdraw both him and Attorney Delesdernier, we can conclude that Swift made no effort to withdraw himself, since the record is void of any motion to withdraw as counsel on Swift’s behalf.
After a thorough review of the record, we find that this motion was unwarranted with no legal basis. For the reasons discussed above, we find no error in the trial court’s decision to deny the motion to disqualify. This assignment is meritless.

Motion for Summary Judgment

In their second assignment of error, Attorney Swift and Mrs. Cloud argue that the trial court erred in denying their motion for summary | judgment. In response to Attorney Delesdernier and Mrs. Barnes’s motion for sanctions, Attorney Swift and Mrs. Cloud filed a motion for summary judgment, asserting that Attorney Delesdernier and Mrs. Barnes “lacked *73 factual support for essential elements of their claims.” As we stated in the facts portion of this opinion, Attorney Swift noted at the January 30, 2012, motion for disqualification hearing that he should have filed a motion for summary judgment instead of the motion for disqualification. He subsequently filed the motion for summary judgment on March 13, 2012.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ricks v. City of Monroe, 44,811 (La.App. 2 Cir. 12/9/09), 26 So.3d 858. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). Summary judgment procedure is designed to secure the “just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969.” La. C.C.P. art. 966(A)(2).
The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. La. C.C.P. art. 966(C)(2). The party opposing summary judgment cannot rest on mere allegations of his pleadings, but must show |9that he has evidence which could satisfy his evidentia-ry burden of proof at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2). Although the summary judgment procedure is favored and must be construed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law, factual inferences reasonably drawn from the evidence nevertheless must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. Ricks, supra; Freeman v. Teague, 37,932 (La.App. 2 Cir. 12/10/03), 862 So.2d 371.
Louisiana Code of Civil Procedure article 863 provides that:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law; and that is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification of the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the *74 amount of reasonable |inexpenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
The factors to be considered in determining whether the attorney has made a reasonable factual inquiry are: the time for and the feasibility of an investigation; reliance on the client; reliance on the forwarding attorney; the complexity of the factual and legal issues, and the need for discovery. Diesal Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2 Cir. 1990).
In this case, Attorney Swift faxed a letter to Attorney Delesdernier, threatening to sue him if he did not convince Mrs. Barnes to waive her rights in a matter that was pending in this court at that time. Swift then sent Attorney Delesdernier a draft petition initially naming Mrs. Cloud as the plaintiff, and Attorney Delesdernier as the defendant. When Attorney Deles-dernier informed him that venue would be improper in Caddo Parish, he improperly named Mrs. Barnes as codefendant to establish venue. After Attorney Delesdernier and Mrs. Barnes’s exceptions of no cause of action were granted, and their motion for sanctions was filed, Attorney Swift filed a motion to disqualify with no legal basis. During the hearing for the |nmotion to disqualify, he expressed his intent to file a motion for summary judgment in response to the motion for sanctions.
After reviewing the record, we agree with the trial court’s determination that there was a genuine issue of material fact regarding Attorney Delesdernier and Mrs. Barnes’s motion for sanctions. This motion was overflowing with factual support of their assertion that Attorney Swift’s actions had no legal basis. This lawsuit appears to be nothing more than a means to harass Attorney Delesdernier and Mrs. Barnes and increase their litigation expenses. For these reasons, the trial court did not err in denying Attorney Swift and Mrs. Cloud’s motion for summary judgment. This assignment of error is merit-less.

Sufficiency of the Evidence

In Attorney Swift and Mrs. Cloud’s third and final assignment of error, they assert that the trial court erred in granting judgments in favor of Mrs. Barnes and Attorney Delesdernier when they failed to provide any evidence that would support their claims.
A trial court’s factual findings as a basis for awarding (or for that matter, not awarding) sanctions for failure to comply with a statute requiring an attorney or litigant who signs a pleading to make an objectively reasonable inquiry into facts and law are reviewed under the manifestly erroneous or clearly wrong standard. Walters v. Klagholz, 43,944 (La.App. 2 Cir.1/14/09), 999 So.2d 1212; McKoin v. Harper, 37,984 (La.App. 2 Cir. 12/10/03), 862 So.2d 410. Once the trial court finds a violation of Art. 863 and imposes sanctions, the determination of the type and/or the amount of |12the sanction is reviewed on appeal utilizing the “abuse of discretion” standard. Walters, supra; Sanchez v. *75 Liberty Lloyds, 95-0956 (La.App. 1 Cir. 4/4/96), 672 So.2d 268, writ denied, 96-1123 (La.6/7/96), 674 So.2d 972.
In his motion for sanctions, Attorney Delesdernier noted that Attorney Swift and Mrs. Cloud’s petition for damages was “not formed after reasonable inquiry, not grounded in fact, and not warranted by an existing good faith argument, and was filed for an improper purpose.” For those reasons, Attorney Delesdernier argued that pursuant to La. C.C.P. art. 863, Attorney Swift and Mrs. Cloud are liable to Attorney Swift and Mrs. Cloud for attorney fees, expenses, costs and sanctions.
The trial court stated in its reasons for judgment:
MR. SWIFT: No, no, no. I’m talking about basically if the Court — I guess the Court would need to give oral reasons for the judgment.
THE COURT: Yes, sir. I think the suit was frivolous.
MR. SWIFT: Okay. And that’s based upon the Court—
THE COURT: Based on reading the suit, reading the record, seeing the surrounding circumstances you shouldn’t have done it.
The trial court determined that Attorney Swift filed a frivolous lawsuit. Attorney Swift would not have filed such a lawsuit had he made a reasonable inquiry into the issue of pleadings, pursuant to La. C.C.P. art. 863, prior to filing them. As an officer of the court, Attorney Swift had a duty to do so. As we stated in the previous assignment this lawsuit was nothing more than a means to harass Attorney Delesdernier and Mrs. Barnes |isand increase their litigation expenses. For these reasons, we find that the trial court was not erroneous in granting judgments in favor of Attorney Delesdernier and Mrs. Barnes, and for the same reasons stated by it, we conclude that sanctions were proper. This assignment is meritless.

Sanctions

Attorney Delesdernier and Mrs. Barnes assert four assignments of error. In their first assignment, they argue that the trial court erred when it failed to award Attorney Delesdernier cost and expenses related to the “frivolous” lawsuit filed against him by Attorney Swift and Mrs. Cloud, including but not limited to travel costs. In the second assignment, Attorney Deles-dernier and Mrs. Barnes assert that the trial court erred when it did not award Attorney Delesdernier damages for time he spent as a party to defend the “frivolous suit” filed by Attorney Swift and Mrs. Cloud. In Attorney Delesdernier and Mrs. Barnes’s third assignment of error, they contend that the trial erred when it did not award Attorney Delesdernier legal fees to bring the motion to sanction. In Attorney Delesdernier and Mrs. Barnes’s fourth and final assignment of error, they allege that the trial court erred in not awarding Mrs. Barnes legal fees associated with the dismissal of the frivolous suit filed against her by Cloud and Swift. Since all four of Attorney Delesdernier and Mrs. Barnes’s assignments of error relate to the sanctions imposed by the trial court, we will discuss them together.
Once it is determined that sanctions are appropriate, the trial court has “considerable discretion as to the type and severity of sanctions to be imposed,” and we review those decisions under the abuse of discretion 114standard of review. Daigle v. City of Shreveport, 46,429 (La.App. 2 Cir. 10/5/11), 78 So.3d 753, writ denied, 2011-2472 (La.2/3/12), 79 So.3d 1027; Joyner v. Wear, 27,631 (La.App. 2 Cir. 12/06/95), 665 So.2d 634, writ denied, 1996-0040, 1996-0042 (La.02/28/96), 668 So.2d 370. Four factors have evolved which must be considered in arriving at an ap *76 propriate sanction award. They are: (1) the conduct being punished or sought to be deterred by this sanction; (2) the expenses or costs caused by the violation of the rule; (3) whether the costs or expenses are “reasonable” as opposed to self-imposed, mitigable, or the result of delay in seeking court intervention; and, (4) whether the sanction is the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. Daigle, supra; Alombro v. Alfortish, 2002-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, writ denied, 2003-1946 (La.10/31/03), 857 So.2d 485.
Louisiana Code of Civil Procedure article 863 authorizes an award of “reasonable” and not necessarily actual attorney fees. The goal to be served by imposing sanctions is not wholesale fee shifting, but correction of litigation abuse. Joyner v. Wear, supra.
In the present case, the record indicates that attorney Delesdernier was awarded sanctions for legal fees in the amount of $12,370.07. Mrs. Barnes was awarded sanctions in the amount of $2,500.00 for legal fees expended for the sanctions motion and court costs.
The court determined that Attorney Delesdernier’s $12,370.07 award, and Mrs. Barnes’s $2,500.00 award, were appropriate sanctions under the facts of this case to achieve the purpose of La. C.C.P. art. 863. Further, the [ 15trial court did not err in declining to award Attorney Deles-dernier travel costs, since jurisprudence reveals that no sanction has ever been awarded for that reason. After reviewing the record, we find that the trial court did not abuse its considerable discretion as the type and severity of sanctions to be awarded. The trial court carefully considered the facts and arguments of this case and appropriately fashioned the sanctions against Attorney Swift and Mrs. Cloud. These assignments of error have no merit.
CONCLUSION
Considering the foregoing, we affirm the judgment. Costs of this appeal are assessed to the appellants, Attorney Swift and Mrs. Cloud.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, MOORE, LOLLEY and PITMAN, JJ.
11 Rehearing denied.

. On appeal, this court determined that Mrs. Barnes had usufruct of the Mallard property, so Mrs. Cloud was not entitled to an offset for rent. It determined that Mrs. Barnes’s total award was $59,165.32, and deducted $11,453.82, which is the amount that Mrs. Cloud has already paid her. The remainder due to Mrs. Barnes was $47,711.50. This court affirmed the trial court’s judgment in all other respects. See Barnes v. Cloud, 46,685 (La.App. 2 Cir. 12/14/11), 82 So.3d 463.