KATHRYN MAGUIRE MARKS

VERSUS

LADD ROBERT MARKS

NO. 21-CA-741

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 806-524, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING

September 28, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
**MEJ**
**SMC**
**SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
KATHRYN MAGUIRE MARKS
    Georgia K. Thomas

COUNSEL FOR DEFENDANT/APPELLANT,
LADD ROBERT MARKS
    Cynthia A. De Luca
    Marynell L. Piglia

**JOHNSON, J.**

Appellant, Ladd Robert Marks, appeals the 24th Judicial District Court's September 20, 2021 judgment granting his ex-wife's motion for reimbursement of costs and fees and awarding $7,924.50 in sanctions pursuant to La. C.C.P. art. 863. For the following reasons, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

In August of 2014, appellee, Katherine Maquire Marks, now Lazarone,[1] filed a "Petition For Divorce Pursuant To Article 102 And For Incidental Demands" in the 22nd Judicial District Court, Parish of St. Tammany, through her attorney, Ms. Georgia Thomas.

In December 2019, Mr. Marks retained Cynthia De Luca, APLC, to represent him in the ongoing domestic dispute with his ex-wife. On January 3, 2020, Ms. De Luca and Rebecca Gilson, an independent contract attorney working for Ms. De Luca at the time, formally enrolled as Mr. Marks' attorneys of record. On Mr. Marks' behalf, Ms. De Luca and Ms. Gilson also filed a Motion to Change Venue from the 22nd JDC to the 24th JDC, Parish of Jefferson. On January 15, 2020, Ms. Thomas emailed Ms. Gilson to indicate that Ms. Lazarone did not object to a change in venue. Accordingly, on February, 10, 2020, the district court signed a consent judgment transferring the matter to the 24th JDC. Around this time Ms. Gilson ceased working for Ms. De Luca and, on February 10, 2020, began working for Seale & Ross, the firm that employs Ms. Lazarone's attorney.

The record from the 22nd JDC did not lodge in the 24th JDC until August 2020, approximately six months after the venue transfer was ordered. On August 13, 2020, Mr. Marks filed a Motion to Reset a Rule for Contempt that had been pending in the 22nd JDC, and on August 17, 2020, he filed a Motion to Modify

---

[1] Since here divorce from Mr. Marks, Ms. Katherine Maguire Marks has remarried and is referred to in this opinion as "Ms. Lazarone."

Custody, Rule for Contempt, and Other Relief. These matters were scheduled to be heard before a Hearing Officer on September 18, 2020, but the Hearing Officer subsequently continued the hearings to November 13, 2020. On November 11, 2020, Mr. Marks filed a Motion to Disqualify Petitioner's Attorney, arguing that Ms. Thomas and her law firm, Seale & Ross, must be disqualified from representing Ms. Lazarone in these proceedings due to Ms. Gilson's working for Seale & Ross, which represents Ms. Lazarone, after working for Ms. De Luca and representing Mr. Marks as his attorney of record. Mr. Marks sought to have the motion to disqualify heard by the commissioner and, the following day, filed a motion requesting that all pending motions be continued until the motion to disqualify was resolved. The commissioner granted the continuances and set all matters for January 20, 2021.

On January 12, 2021, Ms. Lazarone filed a written objection to the motion to disqualify being heard by the commissioner pursuant to La. R.S. 13:717(G).[2] On January 13, 2021, the district court ruled that the motion to disqualify would not proceed before the commissioner.

On February 5, 2021, the disqualification hearing proceeded before the district court.[3] At the conclusion of the hearing, the district court denied the motion

---

[2]    La. R.S. 13:717 (G) provides in pertinent part: "Except as provided in this Subsection, the domestic commissioners shall not have the power to adjudicate cases in a contested matter of divorce, custody, permanent spousal support, paternity, or partition of community property, unless the parties consent in writing to the jurisdiction of the commissioner. … In each case in which all the parties provide a written waiver of their right to have their case heard by a district court judge, and provide written consent to the matter being heard and adjudicated by a commissioner, the commissioners may conduct any and all proceedings on any matter pending before the court and may order the entry of judgment in the case."

[3]    At the hearing, Mr. Marks testified that he thought Ms. Gilson was his attorney, that the fee contract he signed with Ms. De Luca included Ms. Gilson's name, and that he had spoken to Ms. Gilson on the phone about the transfer of venue to Jefferson Parish. He did not recall specific details, and he admitted that he never met Ms. Gilson in person. Mr. Marks further testified that he did not know Ms. Gilson worked on domestic matters with Ms. Thomas until the time of filing the motion to disqualify in November 2020. Finally, Mr. Marks testified that he did not consent to Ms. Gilson representing his wife.

Ms. Gilson testified that she knew nothing about the parties' divorce case or related incidental matters; that she did not discuss the particulars of the case with Ms. Thomas when she assisted with the change-of-venue filings, or at any time thereafter; that she had never met Mr. Marks; and that her only work on the case was with the uncontested venue transfer, which she

to disqualify Ms. Thomas from representing Ms. Lazarone. Further, the district court specifically reserved Ms. Lazarone's right to seek reimbursement of costs and attorney fees associated with defending the motion.[4]

Mr. Marks filed a writ application in this Court seeking supervisory review of the February 5, 2021 judgment. This Court denied the writ, finding that the district court did not abuse its discretion in denying Mr. Marks' motion to disqualify Ms. Lazarone's counsel. This Court further noted that whether the district court erred in granting Ms. Lazarone leave to request reimbursement of costs and attorney's fees was an issue not ripe for review, because no fees had been awarded. *See Marks v. Marks*, 21-129 (La. App. 5 Cir. 5/4/2021) (unpublished writ disposition).

On March 25, 2021, Ms. Lazarone filed a Motion to Seek Reimbursement of Costs and Attorney Fees and prayed for an award of $9,387.43. In opposition, Mr. Marks argued that La. C.C.P. art. 863 presented the only possible avenue for seeking the sanction of costs and attorney's fees, but Ms. Lazarone did not move

---

performed at the direction of Ms. De Luca. Ms. Gilson also testified that after beginning work at Seale & Ross, she never discussed the Marks case with Ms. Thomas, although she worked on three other cases with Ms. Thomas.

Ms. Lazarone testified that Ms. Thomas has worked with her in this matter since August of 2014, and that it would be a "lot of financial stress" and hardship if Ms. Thomas were disqualified and Ms. Lazarone had to contract with another attorney.

Other testimony in the record established that Ms. Gilson did not sign the motion to transfer venue, but she signed the motion to enroll as counsel of record, the request for notice, and the consent judgment on the venue issue that was submitted to and signed by the district court on February 10, 2020. Ms. Gilson explained that Ms. De Luca required all of her contract attorneys to enroll as counsel of record and to be included in the signature block for all the firm's cases, but this was not an indication that all attorneys performed substantive work on all cases.

[4] The district court's ruling on Mr. Marks' motion to disqualify is not at issue here, but the court's reasons for denying the motion to disqualify directly impact its subsequent ruling on Ms. Lazarone's motion to tax attorney's fees and costs. For instance, the district court noted that neither Ms. De Luca nor Ms. Gilson notified Mr. Marks when Ms. Gilson changed her employment in February 2020, suggesting that Ms. Gilson did not believe that she was Mr. Marks' attorney. The court also determined that the actions Ms. Gilson took on Mr. Marks' behalf [facilitating the uncontested change in venue] were only procedural in nature, and the limited representation of Mr. Marks was not "substantially related" to the current litigation between the parties. The district court noted that Ms. De Luca, as Ms. Gilson's former supervisor, did not appear or testify, and that the possible disqualification of Ms. Thomas was first raised the day before the last conference before the hearing officer. The district court expressed concern that imputing a conflict to Ms. Gilson's current firm, based solely on procedural matters that Ms. Gilson handled for Ms. De Luca in the past, could impede attorneys from pursuing and obtaining employment at different firms in the future.

21-CA-741                                    3

for sanctions under that article before the hearing on the motion to disqualify, rendering sanctions inappropriate. Mr. Marks further argued that Ms. Lazarone clearly believed the motion to disqualify had some merit, and the district court's suggestion to Ms. Lazarone that she seek attorney fees and costs was "unwarranted" and "legally erroneous."

After a hearing via Zoom on August 11, 2021, the district court awarded Ms. Lazarone $7,924.50 in sanctions under La. C.C.P. art. 863. In oral reasons for ruling, the court found that Mr. Marks' attorneys did not reasonably inquire into the disqualification matter before filing the motion. The district court also stated that the motion was an "improper pleading done simply to harass and delay." The court limited the sanctions to the costs and fees incurred in defense of Mr. Marks's motion in the district court, exclusive of any duplicative fees that occurred when Ms. Thomas's co-counsel appeared in court along with Ms. Thomas, who also testified as a witness in the February 5, 2021 hearing. The court denied Ms. Lazarone's request to supplement the motion for reimbursement to include the costs of appeal. The court further noted that even if sanctions were not appropriate under La. C.C.P. art. 863, an award of costs was warranted under La. C.C.P. art. 1920.[5] A written judgment was signed on September 20, 2021. Mr. Marks timely appeals that judgment.

### *ASSIGNMENTS OF ERROR*

Mr. Marks argues the district court erred in awarding attorney's fees and costs to Ms. Lazarone pursuant to La. C.C.P. art. 863. He contends that the trial court "lacked authority to sanction" him, that no one moved for sanctions, and that

---

[5] La. C.C.P. art. 1920 provides: "Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

the award of sanctions under La. C.C.P. art. 863 "lacks any proper legal basis" and is "improper, excessive and unwarranted."

*LAW AND DISCUSSION*

A trial court's determination that sanctions under La. C.C.P. art. 863 are appropriate is reviewed under the manifest error standard. *Levert v. Martinez*, 06-11 (La. App. 5 Cir. 9/26/06), 939 So.2d 615, 623; *Koussanta v. Dozier*, 16-45 (La. App. 5 Cir. 5/26/16), 196 So.3d 60, *writ denied,* 16-1214 (La. 9/6/16), 205 So.3d 917. The trial court's determination of the amount of sanctions to be awarded is reviewed for an abuse of discretion. *Levert*, 939 So.2d at 623 (*citing Butler v. Reeder*, 98-484 (La. App. 5 Cir. 12/29/98), 728 So.2d 888, 894, *writs denied*, 99-1026, 99-1035 (La. 5/28/99), 743 So.2d 673, 674).

We first address whether the trial court manifestly erred in awarding sanctions pursuant to Article 863. In pertinent part, Article 863 provides:

> B.     Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> > (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
> > (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
> > (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> * * *
>
> D.     If, upon motion of any party or upon its own motion, the court determines that a certification has been made in

violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E.     A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

* * *

G.     If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

Under Article 863, attorneys and litigants have an affirmative duty to make an objectively reasonable inquiry into the facts and the law. "In determining whether an attorney has breached that affirmative duty, the trial court should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted." *Landry v. Landry*, 21-337 (La. App. 1 Cir. 10/8/21), 331 So.3d 351, 356, *writ denied,* 22-44 (La. 3/2/22), 333 So.3d 835 (citations omitted).

In determining whether sanctions are appropriate, a court considers these factors to evaluate whether a litigant and his counsel made the required reasonable factual inquiry before signing:

1. The time available to the signor for investigation;
2. The extent of the attorney's reliance on the client for factual support for the document;
3. The feasibility of a prefiling investigation;
4. Whether the signing attorney accepted the case from another attorney;
5. The complexity of the factual and legal issues; and
6. The extent to which development of the factual circumstances underlying the claim requires discovery.

*Alombro v. Alfortish*, 02-1082 (La. App. 5 Cir. 4/29/03), 845 So.2d 1171, 1175, *writ denied,* 03-1946 (La. 10/31/03), 857 So.2d 485; *see also Armond v. Fowler*, 96-398 (La. App. 5 Cir. 11/26/96), 694 So.2d 358, 361.

We focus on factors 1, 2, 3, and 6 to determine whether sanctions were appropriate in this case, as the fourth *Alombro* factor appears inapplicable here, and we cannot say that the fifth factor—the complexity of the facts and issues involved—tips the scale one way or another.

The record reflects that although Mr. Marks was not aware that Ms. Gilson was working for Seale & Ross until immediately before the hearing scheduled for November 2020, this was because no one informed Mr. Marks of this change in representation. The district court noted that if neither Ms. Gilson nor Ms. De Luca informed Mr. Marks of this change in circumstances at the time that Ms. Gilson began working for Seale & Ross, neither Ms. Gilson nor Ms. De Luca could have believed that Ms. Gilson was previously representing Mr. Marks or that an actual conflict of interest existed.

Ms. De Luca, as Mr. Marks' principal attorney, was aware of Ms. Gilson's employment with Seale & Ross at the latest on February 10, 2020, the day that Ms. Gilson began her new job. Ms. Gilson's affidavit, which was introduced at the February 5, 2022 sanctions hearing, further indicated that Ms. De Luca's firm had successfully defeated a motion to disqualify *Ms. Gilson*, which Ms. Gilson's previous employer had filed based on her involvement in a case for which she had "done actual substantive work." Importantly, Ms. De Luca did not appear—either as Mr. Marks' attorney or as a testifying witness—at the disqualification hearing, despite her knowledge of Ms. Gilson's level of involvement in Mr. Marks' case, or lack thereof, when the employment relationship between Ms. De Luca and Ms. Gilson ended.

Although the district-court record in this matter was in limbo for six months before being transferred to Jefferson Parish, Ms. De Luca's firm filed motions on Mr. Marks' behalf in August 2020, soon after the case lodged in the 24th JDC. Yet the motion to disqualify Ms. Thomas and her firm was not filed until November

11, 2020, on the eve of a substantive hearing. The failure to timely object to Ms. Thomas's representation of Ms. Lazarone constitutes a tacit waiver of his objection to that representation. In *Brasseaux v. Girouard*, the Third Circuit stated:

> The right of a former client to urge disqualification of an opposing counsel may be waived by the former client's failure to raise the issue early in the proceedings. [ ] Otherwise, disqualification could be used as a purely dilatory or obstructive tactic.

214 So.2d 401, 409 (La. App. 3d Cir.), *writ refused,* 253 La. 60; 216 So.2d 307 (1968). *See also Barre v. St. Martin*, 93-973 (La. App. 5 Cir. 4/26/94), 636 So.2d 1061, 1064 ("A former client may expressly or tacitly waive his objection to his former attorney's representation of a client whose interests are adverse to the former client.").

Ms. De Luca held all the relevant knowledge needed to pursue disqualification far earlier than November 2020. She did not need to substantially rely on her client for relevant factual information to pursue disqualification of opposing counsel on her client's behalf; there was ample opportunity to investigate, if necessary, during the six months that the case was in limbo; and little, if any, formal discovery was needed. Indeed, Mr. Marks testified that he had never met Ms. Gilson in person, and he could not recall any specific details that he may have discussed with her. Ms. De Luca's firm actively engaged in other motion practice three months before filing the motion to disqualify, but the motion to disqualify was not filed until November 2020, on the eve of a substantive hearing that had been continued from September. In light of the relevant *Alombro* factors and the facts before us, we cannot say that the district court manifestly erred when it determined that the motion to disqualify was filed for an improper purpose and as a delay tactic, a violation of La. C.C.P. art. 863 B (1).

Mr. Marks' argument that the trial court had no authority to impose sanctions under La. C.C.P. art. 863 also lacks merit, as subsection D permits a

district court to impose sanctions upon the court's own motion, if the court finds that the provisions of the article have been violated. Further, the district court complied with the provisions of La. C.C.P. art. 863 G in describing (when ruling from the bench) the conduct the court considered to be in violation of Article 863, and the basis for the sanctions imposed.

Having determined that sanctions are appropriate, we next evaluate whether the trial court abused its discretion as to the type and severity of the sanctions imposed. *Cloud v. Barnes*, 47,764 (La. App. 2 Cir. 4/17/13), 116 So.3d 67, 75, *writ denied,* 13-1304 (La. 9/27/13), 122 So.3d 1006. "Once a court finds a violation of La. C.C.P. art. 863, the imposition of sanctions is mandatory and may include an order to pay the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees." *Landry,* 331 So.3d at 357 (*citing* La. C.C.P. art. 863(D)). In arriving at an appropriate sanction, courts must consider: (1) the conduct being punished or sought to be deterred by the sanction; (2) the expense or costs caused by the violation of the rule; (3) whether the costs or expenses are reasonable, as opposed to those that are self-imposed, mitigatable, or the result of delay in seeking court intervention; and (4) whether the sanction is the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. *Alombro*, 845 So.2d at 1170. The goal to be served by imposing sanctions is not wholesale fee shifting, but correction of litigation abuse. *Cloud*, 116 So.3d at 76. A trial court's award of attorney's fees should only be reduced if they are unreasonable or clearly excessive. *In re Succession of Horn*, 04-168 (La. App. 5 Cir. 6/29/04), 877 So.2d 1111, 1113, *writ denied,* 04-1954 (La. 11/19/04), 888 So.2d 199.

In rejecting Mr. Marks' suggestion that a sanction of $500 would be appropriate, the district court considered the costs incurred in defending the motion to disqualify, which Ms. Thomas submitted via affidavit. The court determined that

the hourly rates charged by Ms. Lazarone's attorneys, Ms. Thomas and Mr. Galbraith, were reasonable, but declined to award the attorney's fees incurred when both attorneys were present on a January 12, 2021 Zoom Conference, and when Ms. Thomas was a witness at the February 5, 2021 hearing, finding those fees to be duplicative.

We find the district court did not abuse its vast discretion in imposing a sanction of $7,924.50, equivalent to the non-duplicative attorney's fees incurred in defending the motion to disqualify. *See*, *e.g.*, *Landry*, 331 So.3d at 357 (affirming sanctions in the amount of attorney's fees and costs incurred prior to and at the hearing on the motion for sanctions, after counsel misrepresented facts in a motion for continuance and failed to appear at trial); *Cloud*, 116 So.3d at 76 (affirming an award of attorney's fees and court costs as sanctions); *Butler*, 728 So.2d at 895 (reducing sanctions imposed by the trial court to the amount that constituted actual attorney's fees and costs incurred).

### *DECREE*

Considering the foregoing, the district court judgment imposing sanctions against Mr. Marks and awarding Ms. Lazarone $7,924.50 in attorney fees and costs is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-741

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
GEORGIA K. THOMAS (APPELLEE)          GLEN R. GALBRAITH (APPELLEE)          NICOLE R. DILLON (APPELLEE)
CYNTHIA A. DE LUCA (APPELLANT)       MARYNELL L. PIGLIA (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED